## TOM BRINKLEY v. STATE.

No. A-8719.   Oct. 12, 1934.
(36 Pac. [2d] 954.)

R. N. Linville, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen. (J. H. Lawson, of counsel), for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Custer county of the offense of petit larceny, and his punishment fixed by the jury at a fine of $82.

It appears from the record that only 22 jurors of the regular panel drawn for that term of the county court ap-

peared at the opening of the court. The trial court, deeming this number of jurors insufficient for the needs of the term, appointed one Willis Cooke, a member of the Bar of Custer county but without criminal cases pending in the court, to serve a special venire and bring seven additional jurors from the body of the county; that Cooke duly performed this duty and that the seven additional men so summoned appeared, their names were written on the jury slips and placed in the jury box; defendant filed his motion to quash the panel and made timely objection to these proceedings; that as these initial names were drawn from the jury box counsel peremptorily challenged them and, after exhausting all of his challenges, defendant was compelled to go to trial before a jury of four of the regular panel and two of the special venire.

Section 3517, C. O. S. 1921, sets forth the procedure in drawing juries for the district court.

Section 3519, C. O. S. 1921, sets forth the procedure in drawing juries for the county court.

Section 3518, C. O. S. 1921, provides:

"At any time during the term of any court, after the petit jury has been drawn and summoned in the manner herein provided for, when, for the trial of any cause, civil or criminal, the regular panel of jurors shall appear to be insufficient, the jury may be completed from talesmen, or the court may direct that an open venire be issued to the sheriff or other suitable person, for such number of jurors as may be deemed necessary, to be selected from the body of the county, or from such portion of the county as the court may order: Provided, that no person shall serve as a talesman oftener than once a year."

In Allen v. State, 16 Okla. Cr. 136, 180 Pac. 564, this court said:

"Under the statute (sections 3692 and 3693, Revised Laws 1910), it is within the discretion of the trial court to order an additional drawing of names from the jury box, or to direct that an open venire issue to the sheriff for such number of jurors as may be deemed necessary to be selected from the body of the county."

Defendant makes no contention that the jurors were prejudiced against him, nor that he did not have a fair and impartial trial before them, but objects to the procedure in placing the additional names in the jury box.

Under these authorities the county court had power to issue a special venire, and, if otherwise qualified, such persons could legally serve as jurors.

It is next contended the court erred in the giving of certain instructions.

While some of the instructions are not as full and well worded as they might have been, yet when they are all considered together they fairly state the law of the case.

Other errors are complained of, but they are not of sufficient importance to require separate discussion.

The guilt of the defendant being clearly established by the evidence of the state and no fundamental error appearing, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.